HERBERT BLAKE *vs.* F. H. PECK and another.

Kennebec. Opinion December 12, 1885.

*Justice of the peace. Poor debtor's disclosure.*

A justice of the peace and quorum, commissioned to act for all the counties, is authorized to sit as a magistrate in a poor debtor's disclosure in any county in the state.

A debtor refused to disclose, upon an execution bond, before such a justice selected by the creditor, because the justice was not a resident of the county where the disclosure was to be made, and procured an officer to select another justice for the creditor. *Held*, that the sitting justices were without jurisdiction, and that the bond was forfeited for the full amount of the execution and costs upon it, although a disclosure was made before the justices in which the creditor participated.

ON EXCEPTIONS from the superior court.

An action on a poor debtor's bond. The presiding justice ruled that the evidence, (sufficiently stated in the opinion,) did not show that either of the alternative conditions of the bond had been performed, and did not constitute a defense to the action; and thereupon directed a verdict to be returned for the plaintiff, and entered judgment against all the obligors for the sum of five hundred and six dollars and forty-two cents, and a special judgment against the principal for the sum of twenty-seven dollars and seventy-six cents, according to the provisions of R. S., c. 113, § 40. To this ruling and direction the defendants alleged exception.

*Potter and Lancaster*, for the plaintiff, cited; *Spaulding* v. *Record*, 65 Maine, 220; *Hackett* v. *Lane*, 61 Maine, 31; *Guilford* v. *Delaney*, 57 Maine, 589; *Hall* v. *Houlton*, 37 Maine, 411; *Poor* v. *Knight*, 66 Maine, 448; *Ware* v. *Jackson*, 24 Maine, 166.

*Asa Low*, for the defendants, contended that R. S., c. 83, § 34, which was first enacted in 1880, giving justices of the peace

jurisdiction throughout the state, did not apply to the duties imposed by the poor debtor law, (chapter 113.) The only change in that chapter is in section 33, where the certificate of discharge now reads " in said county " instead of as formerly " in and for said county. " The words " and for " being stricken out to show that the justices must be resident in the county.

Counsel further contended that the plaintiff waived all objections to the jurisdiction of the magistrates, by participating in the proceedings and examining the debtor at great length.

PETERS, C. J. This is an action on a poor debtor's bond. The disclosure was made in York county. The creditor chose W. P. Ayer, who resided in Androscoggin county, as a justice to hear the disclosure. Ayer, at the time, was commissioned as a magistrate to act within and for each county of the state. The debtor refused to disclose before Ayer, because he was not a resident of York county ; and procured an officer to select the second justice. We think the debtor committed an error by which the bond became forfeited.

R. S., c. 83, § 34, is this : " Justices of the peace and of the quorum shall exercise their powers and duties, and shall be commissioned to act, within and for every county. " They are to exercise their powers and duties — not a part of them — all of them — unless restricted by some other statutory provision. The counsel for the defendants finds some instances where the service to be performed may be of a local character. This is not one of them. Should we decide that the magistrate could not act, it would be difficult to know what powers can be accorded to the office. It can not be intended that the duties to be performed away from local residence are only ministerial. The statute is in its terms broader than that. Such work could, perhaps, be done away from the magistrate's home without the consent bestowed by the act referred to. *Learned* v. *Riley*, 14 Allen, 109, and cases cited. In *Young* v. *Bride*, 25 N. H. 482, an instructive case upon this question, it was held that a justice of the peace throughout the state could hear and determine a civil action in any county in the state.

We are not at liberty to adopt the theory of the defense, that the want of jurisdiction in the magistrates was waived by the creditor's participation in the examination of the debtor. To do so, would require us to disregard quite a list of our own decisions where the point has been heretofore considered. It is said that the creditor should have protested against the proceeding. His action was a protest. His attempt to protect his interests, in case of erroneous supposition on his part that the magistrates were without jurisdiction, would not confer jurisdiction. *Barnard* v. *Bryant,* 21 Maine, 206; *Williams* v. *Burrill,* 23 Maine, 144; *Ware* v. *Jackson,* 24 Maine, 166.

It is claimed that the defendants are liable only for actual damages, though less than the debt. This point is foreclosed against them by late cases. *Hackett* v. *Lane,* 61 Maine, 31; *Poor* v. *Knight,* 66 Maine, 482.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.